UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION


LAWRENCE F. ROLLE,         )
                                     )
        Plaintiff,        )
                                     )        CIVIL ACTION NO.
VS.                     )
                                   )        3:07-CV-0941-G
DONALD ARVID NELSON,   )
                                   )        **ECF**
        Defendant.     )


## MEMORANDUM OPINION AND ORDER


Before the court is the motion for summary judgment of the defendant Donald
Arvid Nelson ("Nelson") for summary judgment. For the reasons stated below, the
motion is granted.

## I. BACKGROUND

Plaintiff Lawrence F. Rolle ("Rolle") is an attorney residing in Texas.
Defendant Don A. Nelson's Brief in Support of his Motion for Summary Judgment
("Motion") at 2.

Since August 29, 2006, Nelson, a California resident, has served as head coach
of the National Basketball Association's Golden State Warriors in Oakland,

California. Declaration of Don A. Nelson ¶¶ 1-3, *attached to* Notice of Removal, as Exhibit A.

Rolle and Gary Boren ("Boren") met with Nelson in San Antonio, Texas, to discuss Rolle's possible participation in a new venture called International Shootout, Inc. ("International Shootout"). Plaintiff's Original Petition at 2, *attached to* Notice of Removal, as Exhibit B3. In exchange for conveyance of International Shootout's original shares from Rolle to Nelson's wife and son, Rolle contends that Nelson promised to deliver Nike and the National Basketball League as sponsors or partners of International Shootout. *Id*. There was not a specific time placed on the promise of performance. *Id*. However, Nelson promised to perform for over a decade. *Id*. In 2006, Nelson moved from Dallas to Oakland. *Id*. For several years, International Shootout has operated without the sponsorships or partnerships Nelson promised. *Id*. at 3.

Nelson contends that the meeting with Rolle, Boren, and Nelson occurred in November 1994. Motion at 3. Rolle does not dispute this date. Nelson contends that in May 1997, Rolle asked Nelson to fulfill the promise made in 1994, and that Nelson refused. Motion at 3-4. Rolle does not dispute this fact.

On April 24, 2007, Rolle filed this action in the 95th Judicial District Court of Dallas County, Texas, seeking damages for breach of contract and fraudulent inducement. See generally *id*. On May 25, 2007, Nelson timely removed the case to

this court on the basis of diversity of citizenship. On May 20, 2008, Nelson moved for summary judgment of Rolle's claims against him because Rolle's claims are barred by the applicable statutes of limitation. Rolle did not respond to the motion.

## II. ANALYSIS

### A. Evidentiary Burdens on Motion for Summary Judgment

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56.[*] "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant makes such a showing by informing the court of the basis of his motion and by identifying the portions of the record which reveal there are no genuine material fact issues. See *Celotex Corporation v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant makes this showing, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Id.* at 323-24. To carry this burden, the opponent must do more than simply show some metaphysical doubt as to the material facts. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corporation*, 475

---

[*] The disposition of a case through summary judgment "reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Company*, 780 F.2d 1190, 1197 (5th Cir. 1986).

U.S. 574, 586 (1986).  Instead, he must show that the evidence is sufficient to support a resolution of the factual issue in his favor.  *Anderson*, 477 U.S. at 249.  All of the evidence must be viewed, however, in a light most favorable to the motion's opponent.  *Id*. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).

Actions for breach of contract and fraud are governed by a four year statute of limitations.  Tex. Civ. Practice & Remedies Code Ann. § 16.004 (Vernon 2002); *Sanders v. Construction Equity, Inc.*, 42 S.W.3d 364, 367-68 (Tex. App.--Beaumont 2001, writ denied).  Even if the court assumes *arguendo* that the alleged breach occurred in 1997, these claims are barred by the statute of limitations.

### III.  CONCLUSION

For the reasons set forth above, Nelson's motion for summary judgment is **GRANTED**.

**SO ORDERED**.

July 17, 2008.

_C. Joe Fish_____
**A. JOE FISH**
**Senior United States District Judge**